IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| LATASHA MECHELLE BARRON,      ) | |
|     Plaintiff,                                    ) | |
|                                             ) | |
| v.                                                           ) | CIVIL ACTION NO. 1:21-00322-KD-N |
|                                             ) | |
| MOBILE COUNTY DEPARTMENT       ) | |
| OF HUMAN RESOURCES, *et al.*,      ) | |
|     Defendants.                                ) | |

**REPORT AND RECOMMENDATION**

This civil action is before the Court on the amended motion for leave to proceed without prepayment of fees and costs, or *in forma pauperis* ("IFP"), under 28 U.S.C. § 1915 (Doc. 5), filed by the Plaintiff, Latasha Mechelle Barron ("the Plaintiff"), who is proceeding without counsel (*pro se*). The amended IFP motion was timely filed in response to the Court's order noting various deficiencies in the Plaintiff's initial IFP motion. (*See* Doc. 4). The assigned District Judge has referred the amended IFP motion to the undersigned Magistrate Judge for appropriate action under 28 U.S.C. § 636(a)-(b), Federal Rule of Civil Procedure 72, and S.D. Ala. GenLR 72(a). *See* S.D. Ala. GenLR 72(b); (8/27/2021 electronic reference).

Authority for granting a plaintiff permission to proceed without prepayment of fees and costs is found at 28 U.S.C. § 1915, which provides as follows:

> [Subject to inapplicable exceptions], any court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such prisoner possesses that the person is unable to pay such fees or give security therefor. Such

>   affidavit shall state the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress.

28 U.S.C. § 1915(a)(1).¹ "The *in forma pauperis* statute, 28 U.S.C. § 1915, ensures that indigent persons will have equal access to the judicial system." *Attwood v. Singletary*, 105 F.3d 610, 612-613 (11th Cir. 1997) (citing *Coppedge v. United States*, 369 U.S. 438, 446 (1962)). However, "[t]here is no question that proceeding *in forma pauperis* is a privilege, not a right," *Camp v. Oliver*, 798 F.2d 434, 437 (11th Cir. 1986),² and "should not be a broad highway into the federal courts." *Phillips v. Mashburn*, 746 F.2d 782, 785 (11th Cir. 1984) (per curiam). Nevertheless, "while a trial court has broad discretion in denying an application to proceed *in forma pauperis* under 28 U.S.C.A. § 1915, it must not act arbitrarily and it may not deny the application on erroneous grounds." *Pace v. Evans*, 709 F.2d 1428, 1429 (11th Cir. 1983) (per curiam) (citing *Flowers v. Turbine Support Div.*, 507 F.2d 1242, 1244 (5th Cir. 1975)); *see also Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305, 1306-07 (11th Cir. 2004) (per curiam) ("[A] trial court has wide discretion in denying an application to proceed IFP under 28 U.S.C. § 1915…However, in denying such applications a court must not act arbitrarily. Nor may it deny the application on erroneous grounds." (quotation omitted)).

---

¹ "Despite the statute's use of the phrase 'prisoner possesses,' the affidavit requirement applies to all persons requesting leave to proceed IFP." *Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305, 1306 n.1 (11th Cir. 2004) (per curiam).

² *Accord Rivera v. Allin*, 144 F.3d 719, 722, 724 (11th Cir. 1998) ("Leave to proceed IFP is, and always has been, the exception rather than the rule. To commence a civil lawsuit in federal district court, the general rule is that initiating parties must prepay a filing fee … To be sure, proceeding IFP in a civil case is a privilege, not a right—fundamental or otherwise."), *abrogated on other grounds*, *Jones v. Bock*, 549 U.S. 199 (2007).

> When considering a motion filed pursuant to § 1915(a), "[t]he only determination to be made by the court ... is whether the statements in the affidavit satisfy the requirement of poverty." *Watson v. Ault,* 525 F.2d 886, 891 ([5]th Cir. 1976). An affidavit addressing the statutory language should be accepted by the court, absent a serious misrepresentation, and need not show that the litigant is "absolutely destitute" to qualify for indigent status under § 1915. *Adkins v. E.I. DuPont de Nemours & Co.,* 335 U.S. 331, 338–40, 69 S. Ct. 85, 88–89, 93 L. Ed. 43 (1948). Such an affidavit will be held sufficient if it represents that the litigant, because of his poverty, is unable to pay for the court fees and costs, and to support and provide necessities for himself and his dependents. *Id.* at 339, 69 S. Ct. at 89. In other words, the statute is not to be construed such that potential litigants are forced to become public charges or abandon their claims because of the filing fee requirements. *Id.* at 339–40, 69 S. Ct. at 89…The district court must provide a sufficient explanation for its determination on IFP status to allow for meaningful appellate review. *O'Neal v. United States,* 411 F.2d 131, 138 (5th Cir. 1969); *Phipps v. King,* 866 F.2d 824, 825 (6th Cir. 1988); *Besecker v. State of Ill.,* 14 F.3d 309, 310 (7th Cir. 1994) (per curiam).

*Martinez*, 364 F.3d at 1307 (footnotes omitted). "A court may not deny an IFP motion without first comparing the applicant's assets and liabilities in order to determine whether he has satisfied the poverty requirement." *Thomas v. Chattahoochee Judicial Circuit*, 574 F. App'x 916, 917 (11th Cir. 2014) (per curiam) (unpublished) (citing *Martinez*, 364 F.3d at 1307-08).

By order dated and entered September 15, 2021 (Doc. 6), the undersigned found that the representations in the Plaintiff's amended IFP motion (Doc. 5), which is in substantial compliance with 28 U.S.C. § 1746 and thus constitutes an unsworn declaration made under penalty of perjury, failed to demonstrate that she is "unable to pay for the court fees and costs, and to support and provide necessities for" herself "because of [her] poverty." *Martinez*, 364 F.3d at 1307. The amended motion represents that the Plaintiff is currently employed with Labor Finders making $548 a week (approximately $2,200 monthly) and has $23,266 cash on hand. The Plaintiff

also reports she makes some income on a property she owns in Prichard, Alabama, and has received significant sums in the last 12 months from various sources. On the other hand, the only financial obligations she reports are $300 a month in child support and $300 a month on her mortgage payment, thus leaving approximately $1,600 in excess monthly income. Based on this information, the undersigned determined that requiring the Plaintiff to pay the $402 filing fee for this action up front will not cause her undue hardship.[3]

Accordingly, the undersigned ordered the Plaintiff to pay the full filing fee for this civil action to the Clerk of Court no later than October 8, 2021 (*see* Doc. 6, PageID.128), advising her that failure to do so would result in entry of a recommendation to the Court that the Plaintiff be denied leave to proceed IFP in this action, and that this action be dismissed without prejudice *sua sponte* unless the Plaintiff pays the filing fee within the time period for objections to the recommendation. *See Woods v. Dahlberg*, 894 F.2d 187, 187 (6th Cir. 1990) (per curiam) (denial of IFP motion is "the functional equivalent of an involuntary dismissal"); *Escobedo v. Applebees*, 787 F.3d 1226, 1228 (9th Cir. 2015) ("Obviously, if an IFP application is submitted with the complaint in lieu of the filing fee, and the application is thereafter denied, the district court will be free to dismiss the

---

[3] Under 28 U.S.C. § 1914, "[t]he clerk of each district court shall require the parties instituting any civil action, suit or proceeding in such court … to pay a filing fee of $350," along with "such additional fees only as are prescribed by the Judicial Conference of the United States." 28 U.S.C. § 1914(a)-(b). Effective December 1, 2020, the Judicial Conference prescribes an additional $52 "[a]dministrative fee for filing a civil action, suit, or proceeding in a district court." *See* https://www.uscourts.gov/services-forms/fees/district-court-miscellaneous-fee-schedule (last visited Oct. 19, 2021).

complaint if the fee is not paid within a reasonable time following the denial."). To date, the copy of that order sent to the Plaintiff has not been returned as undeliverable, and the Clerk of Court has not received the filing fee for this action.

## II.   *Conclusion & Recommendation*

In accordance with the foregoing analysis, and pursuant to 28 U.S.C. § 636(b)(1), Federal Rule of Civil Procedure 72(b)(1), and S.D. Ala. GenLR 72(a)(2)(S), the undersigned **RECOMMENDS** that the Plaintiff's IFP motions (Docs. 2, 5) be **DENIED**, and that, unless the Plaintiff pays the $402 filing fee to the Clerk of Court within the time period for objections to this recommendation, this action be **DISMISSED without prejudice** *sua sponte* under Federal Rule of Civil Procedure 41(b) for failure to comply with the Court's order to pay the filing,[4] and that final judgment be entered accordingly under Federal Rule of Civil Procedure 58.

**DONE** this the 21st day of October 2021.

*/s/ Katherine P. Nelson*
**KATHERINE P. NELSON**
**UNITED STATES MAGISTRATE JUDGE**

---

[4] *See, e.g.*, Fed. R. Civ. P. 41(b) ("If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it."); *Brutus v. IRS*, 393 F. App'x 682, 683 (11th Cir. 2010) (per curiam) (unpublished) ("the district court may *sua sponte* dismiss a case under Rule 41(b)" (citing *Betty K Agencies, Ltd. v. M/V MONADA*, 432 F.3d 1333, 1337 (11th Cir. 2005)).

## **NOTICE OF RIGHT TO FILE OBJECTIONS**

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within 14 days of the date of service of this document, file specific written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); S.D. Ala. GenLR 72(c). The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." 11th Cir. R. 3-1. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.